**NEW YORK CREDIT MEN'S ADJUSTMENT BUREAU, INC., Trustee In Bankruptcy For Townley Shirts, Inc. and Cannon Point Manufacturing, Inc., et al., Appellants,**

**v.**

**UNITED STATES, Appellee.**

**A.R.D. 301; Reappraisement R63/11693 and 192 others.**

United States Customs Court,
Third Division, Appellate Term.

May 3, 1972.

Sharretts, Paley, Carter & Blauvelt, New York City (Gail T. Cumins, New York City, of counsel), for appellants.

L. Patrick Gray, III, Asst. Atty. Gen. (James Caffentzis, New York City, trial attorney), for appellee.

Before RICHARDSON, LANDIS and WATSON, Judges.

**746**

RICHARDSON, Judge:

The instant application was filed by the importer seeking a review of the decision and judgment of a single judge sitting in reappraisement in New York Credit Men's Adjustment Bureau, Inc., Trustee, etc., et al. v. United States, 64 Cust.Ct. 770, R.D. 11715, 314 F.Supp. 1246 (1970), and holding that constructed value, as defined in 19 U.S.C.A., section 1401a(d) (section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) and represented herein in the appraised values, constitutes the proper dutiable value of men's and boys' cotton sport shirts exported from Jamaica, B.W.I., between 1961 and 1966. In most of the entries at bar the appraiser added $1.00 per dozen to the invoice unit values or to other values found by him. In the remaining entries at bar the importer added $1.00 per dozen to meet market value. Appellants contended before the trial court that the addition of the dollar (whether by the appraiser or by the importer upon entry) was erroneous because the dollar represented costs incurred after the subject merchandise was packed ready for shipment to the United States, and, therefore, is not a part of the constructed value.

The record below consists of the testimony of a customs examiner and an officer of the three corporations involved, and several documentary exhibits. John H. Lowery, former customs examiner, testified that he obtained the dollar figure from a Mr. Zala who called it a "selling commission"—a characterization subsequently repudiated at the trial by Mr. Zala as having been made in error. Mr. Lowery stated that the dollar addition was in actuality a marketing expense which would have been incurred by Eton Mills, the manufacturer, if it had been selling the merchandise, that the invoice values did not include such expense which was assumed by Cannon Point in the expenses incurred by Cannon Point in selling the merchandise in the United States, and that the dollar was added to reflect a general expense

which would normally be incurred by a manufacturer in the sale of merchandise at arm's length. A "Notice of Action", authored by Mr. Lowery and received in evidence as plaintiffs' exhibit 1 states:

Contemplated appraised value _ _ _ _ at invoice unit value ($11.50 dz.), plus $1.00 doz. selling commission, packed.

NOTE: The same principle will apply to all subsequent importations of Cotton Shirts by your firm from Jamaica (Mfr. Eton Mills Ltd.)

The relationship between Eton Mills & Cannon Point is more than one of merely buyer & seller; both firms are owned by the same parties. If this relationship did not exist, Eton would of necessity incur the addional [sic] expense in marketing the shirts for export to the U.S. It follows that the markup added by Cannon point [sic] (so-called profit of $1.00 selling comm.) would be an element of Constructed Value & dutiable.

David M. Zala, an officer of the importer corporation, Cannon Point, its successor Townley Shirts, and the manufacturer, Eton Mills, Ltd., testified that Eton Mills originally offered its merchandise by means of letters to various purchasers in the United States but that no sales were ever made to anyone other than Cannon Point or Townley Shirts, and that the terms of sale to Cannon Point and Townley Shirts were f. o. b. Kingston, Jamaica, net cash, the prices being established by taking the cost of materials and labor, overhead, insurance, and every cost that Eton Mills incurred, and adding a profit of about 40 cents per dozen. Mr. Zala also testified that he determined the resale price of the shirts in the United States by taking the landed duty-paid price and adding one dollar to cover administrative expenses, salaries, interest and other costs incurred by Cannon Point, and that the landed costs included ocean or air freight from Kingston to Miami or New York, freight bulk in Miami, and bill of lading and cargo separation charges.

Although the trial court was of the opinion that the dollar in dispute represented what the appraiser considered to be a normal expense which Eton Mills would have incurred in selling the involved merchandise to unrelated parties for exportation to the United States, the trial court was also of the opinion that the dollar in question covered more than the marketing expenses of the manufacturer Eton Mills, and that it included items not properly a part of statutory constructed value, and, accordingly adjudged the appraisements herein to be erroneous. However, the trial court sustained the appraised values because it found in the record no collateral value evidence relative to "general expenses" —the court being of the opinion that a manufacturer's selling costs were a legitimate ingredient of statutory constructed value although the amount of which in this case was not determinable under the evidence at bar. In its opinion the trial court stated (p. 778, 314 F. Supp. at p. 1252):

> In the instant case the plaintiffs have failed to establish the general expenses and profit usually reflected in sales of merchandise of the same general class or kind made by producers in the country of exportation, or the selling expenses of such producers. The record is silent as to whether or not there were other producers of men's shirts in Jamaica during the period of exportation herein, nor does it indicate that, if so, diligent effort was made to ascertain their general expenses and profit or even their marketing expenses. In fact no evidence has been presented on which the court may base a finding of the expense which would ordinarily be incurred in selling the merchandise for exportation to the United States to unrelated persons. Had both the expenses included in the $1.00 added by the appraiser and the expenses of Eton Mills

been broken down into their components more specifically, it may be that the court could have determined what amount should properly be allocated to selling costs of the merchandise under the constructed value provisions. Since no such evidence has been introduced, plaintiffs have not met their burden of proof and the appraised values must be sustained. . . .

In the instant application appellants challenge the court's findings below under some 15 assignments of error directed mainly at the dollar addition in the appraisements and what it purports to represent. It is appellants' position that the dollar addition did not cover the manufacturer's selling expenses, but covered only costs incurred subsequent to the time the merchandise at bar was packed ready for exportation to the United States.

■ We affirm the judgment below. In our opinion too much reliance is placed by appellants upon the relationship between the parties to the instant transaction, their dealings covering the instant merchandise, and the views of the examiner, as distinguished from the appraiser, relative to the appraisement of the instant merchandise. In our view more emphasis should have been placed by appellants upon the presumption of correctness as it applies to the disputed area, namely, general expenses—more particularly, the manufacturer's selling expenses. We reject appellants' solitary argument, advanced in support of assignment of error numbered 10,[1] that the presumption of correctness excused appellants from offering into evidence the collateral value evidence discussed in the trial court's opinion noted above. (Appellants' brief, pp. 25–26).

■ Although Examiner Lowery testified that his recommendations were adopted by the appraiser, this cannot be taken to mean that the appraiser took

---

[1] Assignment of Error number 10 states: "In finding and holding that it was incumbent upon plaintiff to offer affirmative proof regarding the existence of other Jamaican shirt manufacturers and their general and marketing expenses and profit, or diligent efforts to obtain such expenses and profit."

such action necessarily for the same reasons as may have actuated the examiner in submitting his advisory appraisement. Consequently, effort should have been made by appellants to obtain the testimony of the appraiser in the matter, in the absence of which, the examiner's testimony is of little or no value on the subject. United States v. Eurasia Import Co., Inc., 33 CCPA 123, 130, C. A.D. 326 (1946). And the significance of appellants' default here in this regard lies in the fact that the presumption of correctness attaching to the appraisement of merchandise must of necessity be as broad as the requirements of the statute under which it operates.[2] It is presumed that the appraiser found every fact to exist that was necessary to sustain his appraisement. White Lamb Finlay, Inc. v. United States, 29 CCPA 199, 208, C.A.D. 192 (1942). Since the item in dispute between the parties, namely, the manufacturer's selling expenses, involves only the element of "general expenses" under the constructed value formula, the presumption obtaining in this case from the outset is that the appraiser found value as augmented by the dollar addition to compare favorably with the *general expenses usually reflected in sales of merchandise of the same general class or kind which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States.* As such, this presumption cannot be overcome by evidence of factual circumstances relating to and dealing with practices underlying the merchandise undergoing appraisement. And neither is the interrelationship of the parties connected with such imported merchandise of any moment in this undertaking.

For even in cases involving wholly unrelated parties, or where the relationship of the parties is not an influencing factor in the appraiser's judgment, the proofs attacking any aspect of general expenses returned in a constructed value appraisement [such as appellants undertake to do here] must first deal and come to grips with comparative, and hence, broader value evidence dictated by the presumption of correctness surrounding the appraisement under attack. And, as noted in the opinion of the trial court, appellants' proofs lack such breadth of attack.

We conclude from the foregoing that the presumption of correctness attaching to the appraisements at bar was not rebutted. Appellants having failed to sustain assignments of error numbered 10 and 15,[3] we do not reach the remaining assignments of error.

On this record, we find as facts:

1. That the merchandise herein consists of men's and boys' cotton sport shirts exported from Jamaica, B.W.I., between 1961 and 1966.

2. That said merchandise was appraised upon entry in the United States on the basis of constructed value as defined in 19 U.S.C.A., section 1401a(d) (section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) at invoice unit prices or other values plus $1.00 per dozen, net packed, from 1961 through 1964; and as entered where, after 1964, the importer added $1.00 per dozen to the invoice unit prices.

3. That there is no evidence that the appraised values do not include an amount for general expenses equal to that usually reflected in sales of mer-

---

2. 19 U.S.C.A., § 1401a(d) (2) states:
"an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; . . . "

3. Assignment of Error number 15 states:
"In finding and holding that the appraised values are the correct values, and in not finding and holding the correct values are the appraised values less the $1.00 addition in each case."

chandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in Jamaica, B.W.I., in the usual wholesale quantities and in the ordinary course of trade.

And on these facts, we conclude as matters of law:

1. That the evidence of record fails to rebut the presumption of correctness attaching to the appraised values.

2. That constructed value as defined in 19 U.S.C.A., section 1401a(d) (section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) is the proper basis for determination of the value of the merchandise covered by the reappraisement appeals herein.

3. That such constructed value is represented herein by the appraised values.

The judgment of the trial court is affirmed, and judgment will be entered herein accordingly.